UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIP SIDES, | Case No. 15-cv-03893-HSG |
| Plaintiff, | **ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTIONS TO STRIKE AND FOR MORE DEFINITE STATEMENT** |
| v. | |
| CISCO SYSTEMS, INC., et al., | Re: Dkt. Nos. 64, 65, 66, 68 |
| Defendants. | |

Pending before the Court are several motions filed by Defendants Cisco Systems Inc. and UnitedHealthcare Insurance Company challenging the complaint. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). For the reasons detailed below, the Court **GRANTS** the motions to dismiss and otherwise **DENIES** Defendants' motions.

## I. BACKGROUND

### A. Allegations

Plaintiff Kip Sides is a participant in the Cisco Systems, Inc. Retiree Medical Access Plan (the "Plan"). Dkt. No. 57 ("Third Amended Complaint" or "TAC") ¶ 1. Defendant Cisco Systems, Inc. is the plan administrator and Defendant UnitedHealthcare Insurance Co. ("UHIC") is the claim administrator. *Id.* ¶¶ 4–5. The Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. §§ 1001 *et seq.*; TAC ¶ 2. Plaintiff brings this action for unpaid medical benefits and misprocessed claims. Plaintiff states that, in particular, he brings this action to prevent Defendants from erecting barriers to coverage and to the efficient, transparent resolution of his claims. TAC ¶ 11. He seeks monetary damages, injunctive relief, and more information about his benefits and claims. *See id.* "Prayer for Relief" ¶¶ 1–19.

### B. Procedural Posture

Plaintiff originally filed this action against Cisco and UHIC on August 26, 2015. Dkt. No. 1. Before either Defendant filed its answer, Plaintiff filed his First Amended Complaint on February 2, 2016. *See* Dkt. No. 20. At Plaintiff's request, the parties then agreed to allow Plaintiff to file a Second Amended Complaint. *See* Dkt. No. 42. The Court granted the parties' stipulation and Plaintiff filed the Second Amended Complaint on August 19, 2016. Dkt. Nos. 43, 44. Plaintiff then substituted himself in as counsel and the parties again agreed to permit him to amend the complaint. *See* Dkt. No. 47 (Notice of Substitution), 55 (Stipulation to Amend Complaint). Although the Court granted the stipulation, it warned that "[i]n the third amended complaint, plaintiff should plead his best case. No further requests to amend will be considered." Dkt. No. 56. On November 14, 2016, Plaintiff filed the Third Amended Complaint. Dkt. No. 57.

Defendants bring four separate motions challenging Plaintiff's Third Amended Complaint in part: Two motions to dismiss Plaintiff's request for statutory penalties, Dkt. Nos. 64, 68; a motion to strike allegations in the complaint, Dkt. No. 65; and a motion for a more definite statement regarding Plaintiff's claims for accounting and injunctive relief, Dkt. No. 66. The Court addresses each in turn.

## II. MOTION TO DISMISS

### A. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This "facial plausibility" standard requires the plaintiff to allege facts that add up to "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although courts do not require "heightened fact pleading of specifics," *Twombly*, 550 U.S. at 570, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," *id.* at 555. Rather, the plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Id.*

**B. Analysis**

Plaintiff's third cause of action is for statutory penalties against Cisco and UHIC "for failure to supply [d]ocuments, [r]ecords, and other information" relevant to Plaintiff's claim for benefits, in accordance with 29 C.F.R. § 2560.503-1. *See* TAC ¶¶ 58–62. Both UHIC and Cisco move to dismiss this claim as improper under ERISA and Ninth Circuit authority.

Under ERISA § 502(c) (29 U.S.C. § 1132(c)), a plan administrator who "fails or refuses to comply with a request for any information which such administrator is required under this subchapter to furnish . . . within 30 days after such request may in the court's discretion be personally liable to such participant or beneficiary in the amount of up to [$110] a day from the date of such failure or refusal." *See also* 29 C.F.R. § 2575.502c-1 (increasing statutory damages from $100 to $110 a day).

**i. UHIC**

As an initial matter, UHIC points out that ERISA § 502(c) only permits the assessment of statutory penalties against plan administrators. 29 U.S.C. § 1132(c). This is consistent with Ninth Circuit precedent holding that "only the plan 'administrator' can be held liable for failing to comply with the reporting and disclosure requirement[s]." *Vaught v. Scottsdale Healthcare Corp. Health Plan*, 546 F.3d 620, 633 (9th Cir. 2008) (quotation omitted). ERISA defines a plan administrator as: (i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe." 29 U.S.C. § 1002(16)(A); *see also Moran v. Aetna Life Ins. Co.*, 872 F.2d 296, 299 (9th Cir. 1989) (strictly applying § 502(c) statutory penalties to those who fall within the explicit definition of plan administrator). Because of this explicit limitation on who constitutes an "administrator" under § 502(c), the Ninth Circuit has generally declined to extend the definition further to include "*de facto*" or "third party" plan administrators. *See, e.g., Sgro v. Danone Waters of N. Am., Inc.*, 532 F.3d 940, 945 (9th Cir. 2008) (citing *Moran*, 872 F.2d at 299); *accord Bush v. Liberty Life Assurance Co. of Boston*, 77 F. Supp. 3d 900, 905 (N.D. Cal. 2015).

3

Here, Plaintiff identifies UHIC as the claim administrator and Cisco as the plan administrator. *See* TAC ¶¶ 4–5. Plaintiff concedes that his claim for statutory penalties against UHIC is improperly pled. *See* Dkt. Nos. 105 at 3 ("The Plaintiff believes the reasonable remedy to his misunderstanding is to grant him leave to amend his complaint by removing from the Third Claim for Relief the claim against the Claims Administrator for penalties for not producing claims documents."); 106 at 2–3 ("The Plaintiff agrees that the claim for penalties is incorrect."). The Court further finds that UHIC is not a *de facto* administrator: Plaintiff has not alleged any facts that would warrant such a finding, particularly in light of the high bar in the Ninth Circuit. Plaintiff merely suggests in passing that "there is a strong argument that [UHIC] also acts as a plan administrator." Dkt. No. 106 at 3. Because UHIC is not a proper defendant for purposes of § 502(c), UHIC's motion to dismiss Plaintiff's claim for statutory damages is **GRANTED**.

### ii. Cisco

Cisco also moves to dismiss Plaintiff's claim for statutory penalties under § 502(c) on two grounds: first, because such penalties are unavailable for a plan administrator's failure to provide documents under 29 C.F.R. § 2560.503–1, and second, because Plaintiff's claim is time-barred.

Under ERISA § 503, employee benefit plans must follow the Claims Regulations promulgated by the Department of Labor. *See* 29 U.S.C. § 1133. The Claims Regulations require, *inter alia*, that plans "establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations." 29 C.F.R. § 2560.503-1(a), (b). To ensure that participants receive a "full and fair review of a claim and adverse benefit determination," plans must provide a claimant "upon request and free of charge, reasonable access to, and copies of, all documents, records, and other information relevant to the claimant's claim for benefits." 29 C.F.R. § 2560.503-1(h)(2)(iii). Section 2560.503-1(m)(8) defines what documents are "relevant" to a claimant's claim for benefits. Neither ERISA § 503 nor § 2560.503-1 provides penalties for noncompliance. Instead, Plaintiff cites ERISA § 502(c), which as noted above, permits the assessment of statutory penalties against plan administrators.

The Ninth Circuit has held, however, that penalties under § 502(c) are limited and do not

4

include "a failure to follow claims procedures imposed on benefits plans, such as [those] outlined in 29 C.F.R. § 2560.503–1(h)(2)(iii)." *Lee v. ING Groep, N.V.*, 829 F.3d 1158, 1162 (9th Cir. 2016). The Court reasoned that penalties under § 502(c) "can only be assessed against 'plan administrators' for failing to produce documents that they are required to produce as plan administrators." *Id.* However, 29 C.F.R. § 2560.503–1 does not impose claim procedure requirements on the administrator at all, but rather imposes requirements on the *plan*. *Id.* Failures to comply with § 2506.503-1, therefore, cannot form the basis for a penalty under § 502(c). *Id.*

Here, Plaintiff indicates that he erroneously alleged a claim for penalties based on 29 C.F.R. § 2560.503-1. *See* Dkt. No. 105 at 3. The Court agrees that to the extent Plaintiff is seeking statutory penalties for Cisco's failure to provide documents pursuant to the Claims Regulations in 29 C.F.R. § 2560.503-1, this claim fails. *See Lee*, 829 F.3d at 1162.

Yet in his opposition, Plaintiff contends that a closer examination of his complaint reveals that his claim for statutory penalties is actually far broader than just Cisco's failure to provide him with the information detailed in § 2560.503-1. Rather, Plaintiff asserts that statutory penalties are also warranted for Cisco's failure to provide "non-claim documents," including "full plan documents and contracts." *See* Dkt. No. 105 at 3–4. Under ERISA § 104(b)(4) (29 U.S.C. § 1024(b)(4)), plan administrators must, "upon written request of any participant or beneficiary" provide them with plan governing documents, including "the latest updated summary[] plan description, and the latest annual report, and terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated."

The Court first notes that this expansive view of the "Third Claim for Relief" defies its clear language. The claim is entitled "Claim for Documents, Records, and Other Information *Pursuant to ERISA § 29 C.F.R. § 2560.503-1(m)(8)*" and Plaintiff quotes directly from § 2560.503-1 as part of this claim. *See* TAC at 19 (emphasis added), & ¶ 59. Plaintiff also states that this claim is premised on his need for claim information "as defined in § 2560.503-1(m)(8)" to "perfect his appeals" for 11 unpaid "medical claims." *Id.* ¶ 62; *see also* ¶¶ 22–42 ("Claim[s] for Medical Benefits"). In a single paragraph, Plaintiff states:

> [Plaintiff] received virtually none of the information entitled to him by ERISA from Cisco or [UHIC] while dealing directly and extensively with Cisco HR from 2005–2011. Mr. Sides has made multiple written requests to Cisco HR (the Plan Administrator and Sponsor) for the information and specifically for all plan documents and contracts. Other than some newer [] reports and difficult to understand acknowledgments, [Plaintiff] has received nothing from [UHIC] in response to his appeals.

TAC ¶ 21. Yet even this allegation does not clearly specify what Plaintiff requested from Cisco and when, other than pointing to a six-year period. Plaintiff's other scattered references to "documents" and "information" in the complaint similarly do not state what Plaintiff requested or when. *See* TAC ¶¶ 11–12, 20–21, 39; *see also* Dkt. No. 105 at 3 (listing Plaintiff's purported demands). Plaintiff cannot overcome this deficiency in the complaint by attaching email correspondence between him and Cisco. *See Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002) ("Ordinarily, a court may look only at the face of the complaint to decide a motion to dismiss."); *cf. Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (limiting review of a motion to dismiss to the complaint, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). Regardless, any requests from 2005 through 2011 would be time-barred. The Ninth Circuit has held there is a three-year statute of limitations on claims for statutory penalties under ERISA § 502(c), *see Stone v. Travelers Corp.*, 58 F.3d 434, 439 (9th Cir. 1995), and Plaintiff did not file this action until August 26, 2015. Dkt. No. 1. Although the Court understands Plaintiff has several medical issues, Plaintiff has not demonstrated that they incapacitated him or otherwise prevented him from timely filing suit. *See Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999), *as amended* (Mar. 22, 1999) ("Equitable tolling applies when the plaintiff is prevented from asserting a claim by wrongful conduct on the part of the defendant, or when extraordinary circumstances beyond the plaintiff's control made it impossible to file a claim on time."); *see also Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482, 484 n.1 (9th Cir. 1987) (holding that a statute of limitations defense may be raised by a motion to dismiss "[if] the running of the statute is apparent on the face of the complaint"). Moreover, Plaintiff has had three opportunities to amend the complaint and "plead his best case," but still has not stated a claim for statutory damages. *See* Dkt. No. 56; *see also*

*Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 988, 1007 (9th Cir. 2009) (upholding dismissal with prejudice because a party's "repeated failure to cure deficiencies" constitutes "a strong indication that the [party] has no additional facts to plead" and "that any attempt to amend would be futile").

Accordingly, Cisco's motion to dismiss Plaintiff's third claim for statutory relief is **GRANTED**.

### III.   MOTION TO STRIKE

Defendants move to strike portions of Plaintiff's complaint as immaterial and improper. *See* Dkt. Nos. 65, 74 (Cisco's joinder in motion to strike).  Specifically, Defendants seek to strike:

1.      Paragraph 17 of the Third Amended Complaint, which contains references to a previous class action settlement, based on Defendants' reimbursement policies;

2.      Paragraphs 30 and 31 of the Third Amended Complaint, which contain medical claims for Plaintiff's son;

3       Plaintiff's Prayer for Relief for statutory penalties, *see* TAC at 26, ¶ 8; and

4.      Plaintiff's Prayer for Relief for attorneys' fees, *id.* at 28, ¶ 18.

#### A.   Legal Standard

Federal Rule of Civil Procedure 12(f) authorizes courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  The purpose Rule 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).  In ruling on a motion to strike, a "court[ ] may not resolve disputed and substantial factual or legal issues . . . ."  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation omitted); *cf. Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) ("[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation.").

///

///

7

**B.    Analysis**

**i.    Class Action Settlement (Paragraph 17)**

First, Defendants contend that the Court should strike Paragraph 17 of the Third Amended Complaint because it is "immaterial" and "extremely prejudicial." Dkt. No. 65 at 7. Paragraph 17 contains references to a 2010 class action settlement, in which Plaintiff received over $2,000 from UHIC "for fraudulent out-of-network Usual, Customary, and Reasonable (UCR) reimbursement rates." TAC ¶ 17. Plaintiff states that he had complained of this very practice to Cisco HR, but the practice has not stopped. *Id.* Plaintiff cites these UCR reimbursement rates as part of his claim for unpaid medical benefits and "UCR Fraud." He states that some of his medical services were paid in full, but for others UHIC "only covered a portion according to UCR [] amounts." *See* TAC ¶ 40. Plaintiff claims that these UCR rates are based on erroneous or non-existent agreements. *Id.* ¶¶ 41–42. In this, way, the class action settlement provides some historical context to Plaintiff's UCR allegations and is but one example of the reimbursement practices and "discrepancies" that he has experienced.

In support of their motion, Defendants cite *LeDuc v. Kentucky Cent. Life Ins. Co.*, for the premise that the Court may strike "allegations supplying background or historical material or other matter of an evidentiary nature" if "unduly prejudicial to [the] defendant." 814 F. Supp. 820, 830 (N.D. Cal. 1992). The Court finds that Defendants will not be overly prejudiced by allowing this content to remain in the complaint, because if Plaintiff attempts to introduce evidence of the settlement at trial in any manner that contravenes the Federal Rules of Evidence, Defendants are free to object at that time. Moreover, at trial the Court will be the trier of fact. *Cf. Plummer v. W. Int'l Hotels Co.*, 656 F.2d 502, 505 (9th Cir. 1981) ("[T]he admission of incompetent evidence over objection will not ordinarily be a ground of reversal if there was competent evidence received sufficient to support the findings. The judge will be presumed to have disregarded the inadmissible and relied on the competent evidence."). The Court accordingly **DENIES** Defendants' motion to strike Paragraph 17 of the Third Amended Complaint.

**ii.    Medical Claims for Plaintiff's Son (Paragraphs 30 & 31)**

Next, Defendants seek to strike Paragraphs 30 and 31 because, they argue, Plaintiff does

not have standing to state a claim for any medical benefits on behalf of his son. *See* TAC ¶¶ 30, 31. Paragraphs 30 and 31 include two claims for medical benefits, numbers 6 and 7. Medical Claim 6 states Plaintiff sought a Gap Exception for his son under the Plan, and when UHIC denied the claim, Plaintiff requested the documents "relevant" to its decision. TAC ¶ 30. And Medical Claim 7 states that UHIC misprocessed a claim for Plaintiff's son as a claim for Plaintiff. *Id.* ¶ 31. Again, Plaintiff requested documentation from UHIC regarding the claim, but never received any. *Id.* Defendants do not argue that Paragraphs 30 and 31 are "redundant, immaterial, impertinent, or scandalous," but rather, as a legal matter, that Plaintiff cannot bring a claim to recoup medical benefits on behalf of his son.

To the extent Defendants' motion is "really an attempt to have certain portions of [the] complaint dismissed or to obtain summary judgment against [Plaintiff] as to those portions of the suit," this is "better suited for a Rule 12(b)(6) motion or a Rule 56 motion, not a Rule 12(f) motion." *Whittlestone*, 618 F.3d at 974; *Yamamoto v. Omiya,* 564 F.2d 1319, 1327 (9th Cir. 1977) ("Rule 12(f) is 'neither an authorized nor a proper way to procure the dismissal of all or a part of a complaint.'"). Where a motion is in substance a Rule 12(b)(6) motion, but is incorrectly denominated as a Rule 12(f) motion, the Court may convert the Rule 12(f) motion into a Rule 12(b)(6) motion. *See Consumer Sols. REO, LLC v. Hillery*, 658 F. Supp. 2d 1002, 1020 (N.D. Cal. 2009). The Court, therefore, first reviews Defendants' motion to strike Paragraphs 30 and 31 as a motion to dismiss.

Defendants argue that Plaintiff lacks standing under Article III to bring claims on behalf of his dependent son because Plaintiff has not alleged that he suffered any "actual or threatened injury." *See* Dkt. No. 65 at 8–9. Only Plaintiff's son, they suggest, can bring claims for his medical benefits. To meet the Article III standing requirements, a party must demonstrate: "First, [that] the plaintiff [] suffered an injury in fact — an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of — the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as

9

opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560–61 (1992) (internal citations omitted).

The Court first points out that Plaintiff has not alleged any amount in unpaid benefits as a result of these two claims related to his son:  rather, he states that he requested additional information that Defendants never provided him.  TAC ¶¶ 30–31.  Second, parents are not categorically prevented from seeking to recoup medical benefits on behalf of their children.  In *Potter v. Blue Shield of California Life & Health Ins. Co.*, No. SACV 14-0837-DOC ANX, 2014 WL 6910498, at *6 (C.D. Cal. Nov. 26, 2014), for example, the Central District of California concluded that a father had both constitutional and statutory standing to bring such claims.  There, the father suffered an injury-in-fact by paying for his son's unreimbursed medical expenses and could subrogate his son's claim for purposes of his son's right to payment as a beneficiary under the plan. *Id.* at *8–*9.  Still, the Court finds that in this case that Plaintiff has not alleged sufficient factual detail to support standing for medical benefits on behalf of his son.  In the complaint, Plaintiff does not allege that his son was a dependent, that Plaintiff paid for his medical care, or that equitable subrogation is appropriate.

Nevertheless, the Court does not find it necessary to strike these two Paragraphs from the complaint.  They provide context for Plaintiff's other causes of action, including the need for information related to his own medical benefits under the Plan.  Plaintiff states that "what is of primary importance [in this action] is the full information on the plan, benefits, claims, and claims decisions that he is entitled to under ERISA."  TAC ¶ 20.  Paragraph 31 in particular involves an instance in which Defendants misprocessed a claim for Plaintiff's son as a claim for Plaintiff. *Id.* ¶ 31.  In this way, it involves Plaintiff's own medical benefits.

The Court therefore **GRANTS** Defendants' motion to the extent it seeks to dismiss any claim for unpaid medical benefits owing to Plaintiff's son, but otherwise **DENIES** Defendants' motion to strike Paragraphs 30 and 31.

### iii.    Statutory Penalties (Prayer for Relief Paragraph 8)

The Court also **DENIES** Defendants' motion to strike Plaintiff's request for statutory penalties.  Defendants have not shown any prejudice from leaving the pleading as it is.  There is

no jury in this case, and as discussed above, it is now beyond dispute that Plaintiff's claim for statutory penalties under ERISA § 502(c) is dismissed from this action. *See* Section II.B. Motions to strike exist to "avoid the expenditure of time and money," *Sidney-Vinstein*, 697 F.2d at 885, but here, granting Defendants' motion would be pointless.

### iv. Attorneys' Fees (Prayer for Relief Paragraph 18)

Finally, the Court **DENIES** Defendants' motion to strike Plaintiff's request for attorneys' fees. Although Plaintiff is currently representing himself, *see* Dkt. No. 104 at 4, he was formerly represented, *see* Dkt. No. 48 (granting Plaintiff's request to represent himself on August 30, 2016), and could still retain counsel. Therefore, should he prevail in this action, he may be entitled to an attorneys' fees award. *See* 29 U.S.C. § 1132(g); *cf. Boyadjian v. CIGNA Companies*, 973 F. Supp. 500, 503–04 (D.N.J. 1997) (rejecting motion for attorneys' fees for *pro se* litigant) (quoting *DeBold v. Stimson*, 735 F.2d 1037, 1042–43 (7th Cir. 1984)). The Court need not decide at this time whether Plaintiff can bring an award for attorneys' fees in this action.

## IV. MOTION FOR MORE DEFINITE STATEMENT

Motion for More Definitive Statement of Plaintiff's claim for injunctive relief and "an accounting." Dkt. Nos. 66, 73 (Cisco's joinder in motion for more definite statement).

### A. Legal Standard

Federal Rule of Civil Procedure 12(e) permits a party to "move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." "A Rule 12(e) motion is proper only where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted and therefore cannot reasonably be expected to frame a proper response." *Gregory Vill. Partners, L.P. v. Chevron U.S.A., Inc.*, 805 F. Supp. 2d 888, 896 (N.D. Cal. 2011) (quotation omitted). "[T]he motion fails where the complaint is specific enough to apprise the defendant of the substance of the claim being asserted." *Id.* Moreover, "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted).

United States District Court
Northern District of California

**B.    Analysis**

Defendants argue that Plaintiff's complaint fails to adequately explain the basis for and nature of his requests for accounting and injunctive relief.  In support of their motion, Defendants cite isolated allegations in which Plaintiff requests an accounting of claim discrepancies to maximize Plaintiff's benefits and an injunction "to hold [Defendants] to ERISA's claims processing requirements."  *See* Dkt. No. 66 at 6–7 (citing TAC ¶¶ 39, 48–57, 75–76).

The Court finds that read in the context of the entire complaint, Plaintiff's requests are coherent and detailed enough to permit Defendants to adequately respond.

Plaintiff alleges that he desires "an accurate accounting for the medical expenses for [Plaintiff] and his family" from 2012 to the present.  TAC ¶¶ 48–49.  He further explains what information he means by such "accounting":  "(1) the billed price of the service (2) the amount of the contractual dispute (3) the services that were paid (or denied) (4) the amount paid (5) the amount of the deductible due (6) the amount of the co-pay due (7) the amount of the out-of-pocket and (8) the amount owed by the member."  *Id.* ¶ 48; *see also id.* at 26 ("Prayer for Relief" ¶ 5).  He also provides examples of some of the discrepancies he has noticed in the information that he has received from Defendants, emphasizing that any information he receives ought to be accurate.  For example, he states that in the 2012 and 2013 reports, the amount Defendants paid differed in the "Out-of-Pocket" reports as compared to the amount listed on Defendants' website.  *See id.* ¶¶ 13–14, 50.  Defendants protest that Plaintiff has not identified *every* discrepancy in these reports over the past five years, but the Court finds that this level of detail is not required for Defendants to understand the nature of the remedy Plaintiff is seeking in this action.

Plaintiff's second claim for relief is for "declaratory and injunctive relief" under ERISA § 503(a)(3).  *See* TAC ¶¶ 55–57.  Although Plaintiff does not specify precisely what conduct he wants enjoined in those three paragraphs, he does allege that his request for injunctive relief is related to his 11 listed medical claims and he requires more information "to perfect his claim, and more importantly for giving him the tools to maximize his benefits in the future."  *See id.* ¶ 57; *see also id.* ¶¶ 20–43.  For each medical claim, Plaintiff then alleges the information he requested, but never received from Defendants.  *Id.* ¶¶ 20–43.  He also lists the provisions of ERISA that he

1    believes were, and continue to be, violated by Defendants' failure to provide this documentation,

2    including 29 C.F.R. § 2560.503-1(f)(2), 29 C.F.R. § 2560.503-1(b)(5), and 29 C.F.R. § 2560.503-

3    1(g)(1). *See id.* ¶¶ 63–66, 77–79, 83–85. In this way, the other allegations in the complaint tether

4    Plaintiff's request for injunctive relief to concrete ERISA violations. The Court makes no finding

5    at this time as to whether Defendants have violated ERISA or whether Plaintiff will be entitled to

6    either injunctive relief or accounting in this case, but Plaintiff's requests for these remedies are

7    specific enough to give Defendants' notice. Having Plaintiff amend the complaint for a fourth

8    time is both unnecessary and also unlikely to provide the level of detail Defendants are

9    requesting.[1] Defendants' motion for a more definite statement is therefore **DENIED**.

10    ///

11    ///

12    ///

13    ///

14    ///

15    ///

16    ///

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26

27    _____

28    [1] The Court also notes the inconsistency in Defendants' request for a more definite statement, on the one hand, and their opposition to Plaintiff filing another amended complaint. *Compare* Dkt. No. 66 *with* Dkt. Nos. 121 at 5–6 & 122 at 4–5.

## V.     CONCLUSION

Accordingly, the Court rules as follows:

1.     **GRANTS** Defendants' motion to dismiss Plaintiff's third claim for statutory damages without leave to amend.  Plaintiff has had three opportunities over the past two years to amend his complaint and the Court cautioned him that "[i]n the third amended complaint, plaintiff should plead his best case.  No further requests to amend will be considered."  Dkt. No. 56. Consequently, the Court does not grant Plaintiff leave to amend his complaint.[2]

2.     **GRANTS** Defendants' motion to strike to the extent it seeks to dismiss any claim for unpaid medical benefits owing to Plaintiff's son, but otherwise **DENIES** Defendants' motion in its entirety.

3.     **DENIES** Defendants' motion for a more definite statement in its entirety. The Court further **SETS** a case management conference on October 10, 2017, at 2:00 p.m., in Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, CA.

**IT IS SO ORDERED.**

Dated:  9/25/2017

HAYWOOD S. GILLIAM, JR.
United States District Judge

---

[2] For the same reason, Plaintiff's pending motion to amend the complaint is **DENIED**.  Dkt. No. 117.  The Court directly informed Plaintiff that he would not have another opportunity to amend.

14