United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIP SIDES,<br><br>             Plaintiff,<br><br>    v.<br><br>CISCO SYSTEMS, INC., et al.,<br><br>            Defendants. | Case No. 15-cv-03893-HSG<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR ADDITIONAL DISCOVERY**<br><br>Re: Dkt. No. 146 |

## I. BACKGROUND

Plaintiff Kip Sides is a participant in the Cisco Systems, Inc. Retiree Medical Access Plan (the "Plan"). Dkt. No. 57 ("Third Amended Complaint" or "TAC") ¶ 1. Defendant Cisco Systems, Inc. is the plan administrator and Defendant UnitedHealthcare Insurance Co. ("UHIC") is the claim administrator. *Id.* ¶¶ 4–5. The Plan is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). *See* 29 U.S.C. §§ 1001 *et seq.*; TAC ¶ 2. Plaintiff brings this action for belatedly paid medical benefits and misprocessed claims. Plaintiff states that, specifically, he brings this action to prevent Defendants from erecting barriers to coverage and to the efficient, transparent resolution of his claims. TAC ¶ 11. Plaintiff seeks monetary damages, injunctive relief, and information about his benefits and claims. *See id.* "Prayer for Relief" ¶¶ 1–19.

The parties appeared before the Court for a case management conference on October 10, 2017. During that conference, the Court ordered supplemental briefing from the parties regarding the scope of allowable discovery. *See* Dkt. No. 144. Having reviewed the parties' briefing, the Court, in its discretion, DENIES Plaintiff's request for discovery beyond the administrative

1 record.

## II. SCOPE OF DISCOVERY

The Ninth Circuit requires an "abuse of discretion review whenever an ERISA plan grants discretion to the plan administrator." *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 967 (9th Cir. 2006). The ERISA plan at issue in this case confers discretionary authority on its claims administrator. Dkt. No. 69, Ex. 1 at 3.3B(6).

However, even abuse of discretion review must be "informed by the nature, extent, and effect on the decision-making process of any conflict of interest that may appear in the record." *Abatie*, 458 F.3d at 967. The Court has "discretion to allow evidence that was not before the plan administrator. The district court should exercise its discretion, however, only when circumstances clearly establish that additional evidence is necessary." *Mongeluzo v. Baxter Travenol Long Term Disability Ben. Plan*, 46 F.3d 938, 943–44 (9th Cir. 1995) (quoting *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1025 (4th Cir. 1993)) (emphasis omitted).

With respect to Plaintiff's Section 502(a)(3) claim, TAC ¶¶ 55–57, Plaintiff cites to *Colaco v. ASIC Advantage Simplified Pension Plan*, 301 F.R.D. 431 (N.D. Cal. 2014), for the proposition that "discovery beyond the administrative record may be appropriate for claims . . . that do not arise from the written ERISA plan terms, as there may be no administrative record for such claims." Dkt. No. 146 (citation omitted). Plaintiff also cites *Abatie*, noting that "the court may consider evidence beyond that contained in the administrative record that was before the plan administrator, to determine whether a conflict of interest exists that would affect the appropriate level of judicial scrutiny." *Abatie*, 458 F.3d at 970.

Here, no additional discovery beyond the administrative record is necessary to establish the existence of a conflict of interest, or to address Plaintiff's Section 502(a)(3) claim. To the extent Plaintiff alleges a conflict of interest, that conflict is structural and inherent in UHIC's dual role as the entity that both decides and pays claims, and does not warrant discovery. *See Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 108 (2008); Dkt. No. 147 at 1 n.1; Dkt. No. 146 at 2 (citing Defendant's answer and "public on-line information" to show conflict of interest).

Plaintiff, at the Court's request, filed supplementary briefing to explain in detail the

2

injunctive relief he seeks under Section 502(a)(3). Dkt. No. 149. In it, Plaintiff provides a non-exhaustive list of relief sought in order to bring Defendant to "full ERISA compliance," including ordering Defendants to: (1) have medical claims audited for the next five years; (2) include a services level agreement in their contracts; (3) provide a complete list of documents under which the plan is administered and operated; (4) remove conflicts of interest by preventing medical directors from pursuing sales and/or business objectives; and (5) carry out their supervisory fiduciary responsibilities to monitor benefits accounting. Dkt. No. 149 at 1–2. Plaintiff has additionally sought in his TAC equitable relief including ordering Defendants to: (6) correctly process Plaintiff's future claims, TAC ¶¶ 57, 73; and (7) timely notify Plaintiff of future benefit determinations, TAC ¶¶ 64–69.

To the extent these claims are viable, they do not warrant discovery beyond the administrative record. The 502(a)(3) cause of action "to stop the systemic misprocessing of [Plaintiff's] claims" is appropriately based in the administrative record relevant to those claims, and does not require the expansive discovery requested in Plaintiff's briefing. *See* TAC ¶ 57. The Court therefore **DENIES** Plaintiff's request for discovery beyond the administrative record.

The Court **SETS** the following case deadlines pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10:

| Event | Date |
|---|---|
| Rule 52 Cross-Motions | August 10, 2018 |
| Rule 52 Responses | September 7, 2018 |
| Bench Trial/Hearing on Rule 52 Motions | September 27, 2018, 2:00 p.m. |

The Court **DIRECTS** each party to address the standard of review it contends applies in its Rule 52 Motion. This order also terminates Docket Number 148.

**IT IS SO ORDERED.**

Dated: 6/18/2018

HAYWOOD S. GILLIAM, JR.
United States District Judge

3